IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROCHELLE D. WALTER

    Plaintiff,

v.                                                                                          CIV. No. 98-0014 JP/RLP

HORIZON/CMS HEALTHCARE CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 25, 1999, Defendant Horizon/CMS Healthcare Corporation ("Horizon") filed a Motion for Summary Judgement (Doc. No. 55) under Fed. R. Civ. Pro. 56. After a careful review of the briefs and the relevant law, and following a pre-trial conference on March 9, 1999, during which the parties had the opportunity to present their arguments, I have determined that Defendant's motion is well-taken and should be granted.

**I.    LEGAL STANDARD**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l., Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Industries, Inc. v. Arvin Industries, Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*.

## II  BACKGROUND

Plaintiff is an African-American woman who worked for Horizon in 1997. In April of that year, employees in Plaintiff's department complained to supervisors that Plaintiff had been sending unwanted and inappropriate e-mail messages of a sexual nature to a male co-worker, Charles Elliot. Following an investigation, Defendant terminated Plaintiff's employment on May 7, 1997, for violating Defendant's sexual harassment policy.

On January 7, 1998, Plaintiff filed her complaint alleging that Defendant's termination of her employment was based on race and gender discrimination in violation of Title VII.

## III  DISCUSSION

Title VII discrimination claims are analyzed by applying the burden-shifting approach of *McDonnell-Douglas Corp. v. Green*, 411 U. S. 792, 802-04 (1973). Plaintiff must first establish a prima facie case of discrimination. If plaintiff can establish a prima facie case, the employer has the burden to come forward with a nondiscriminatory explanation for the action. If the employer presents such an explanation, the burden then shifts back to the plaintiff to show that the employer's reason is mere pretext and is unworthy of belief.

Plaintiff alleges that she was fired because she is a female African-American and not because she violated a work rule. "To establish a prima facie case on a claim of discriminatory discharge, where the plaintiff was discharged for the purported violation of a work rule, the

2

plaintiff must show that (1) he is a member of a protected class, (2) that he was discharged for violating a work rule, and (3) that similarly situated non-minority employees were treated differently." *Aramburu v. Boeing Comp.*, 112 F.3d 1398, 1403 (10th Cir. 1997) (citing *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir.1992)). An employee is "similarly situated" if the employee has the same supervisor and violated work rules of comparable seriousness. *Aramburu*, 112 F.3d at 1404; *compare Starks v. Coors Brewing Co. Inc.*, 954 F.Supp. 1463, 1467 (D. Colo. 1997) (reviewing pre-*Aramburu* Tenth Circuit law and stating, "in this Circuit the existence of different supervisors is merely a factor that the fact finder may consider and not a dispositive determinant in every case.").

Plaintiff has failed to establish a prima facie case of discrimination based on race or gender. She has not met her burden of identifying any similarly situated non-minority or male employees, with the same supervisor, who violated work rules of comparable seriousness and whose violations were reported to management. Nor has Plaintiff shown that the Defendant's legitimate nondiscriminatory reason for firing her--that she sent sexually explicit e-mail messages to a male co-worker in violation of Defendant's sexual harassment policy--was a pretext for racial or gender discrimination.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 55), is GRANTED.

James A. Parker
UNITED STATES DISTRICT JUDGE